## YOES, Adm'r, vs. MOORE & KIDD, Adm'rs.

APPEAL: *From the probate to the supreme court.*

Sec. 15 of ch. 49, Gould's Dig., continued in force after the adoption of the code of practice, and precluded an appeal from a probate court to the supreme court, in the matter of the allowance of claims against estates. The provisions of the constitution of 1868, and of secs. 15, 16 and 19 of the civil code on this subject construed.

APPEAL from the Probate Court of *Washington* County. *Watkins & Rose*, for appellants.

ENGLISH, C. J.    At the October term, 1867, of the probate court of Washington county, Jacob Yoes, administrator *de bonis non* of Jacob Mullins, deceased, presented for allowance and classification, a claim against the estate of Tandy K. Kidd, deceased.    Moore & Kidd, the administrators of said estate, to whom notice had been given, appeared and filed a number of pleas contesting the claim.    Issues were finally made up, and at the July term, 1869, submitted to a jury, and there was a verdict for the defendants.    The plaintiff filed a motion for a new trial, which was overruled, and he prayed an appeal to the supreme court, which was granted.    Then follows a judgment that defendants go hence, and recover costs of plaintiff.

The transcript was filed in this court in 1870, the day and month not appearing in the indorsement of the clerk.

At the December term, 1870, the counsel for appellees made a motion to dismiss the cause for want of jurisdiction, etc., which motion seems never to have been disposed of.

It may, perhaps, be unfortunate for appellant that the cause has been permitted to sleep here for four years without a decision on the motion to dismiss.    But we must dispose of the case as we find it.

Passing over the objection in the motion to dismiss, that the transcript was filed out of time, we will proceed to consider whether an appeal would lie directly from the probate court to this court, passing over the circuit court.

Before the adoption of the constitution of 1868, there was no provision for a writ of error from this court to any of the courts inferior in grade to the circuit court, nor was there any provision for an appeal from such inferior courts directly to this court.    See the remarks of Mr. Justice DICKINSON in

*Frail ex parte*, 3 Ark., 561, on our judicial system, grades of courts, etc.

Appeals were allowed from any final order, judgment or decree of the probate court to the circuit court. Gould's Dig., ch. 4, sec. 197, etc. So, the circuit court had appellate jurisdiction over orders and judgments of the county court. Id., ch. 49, sec. 15, etc. Appeals allowed from the circuit to the supreme court, and writs of error went from the latter to the former.

The appellate jurisdiction of this court was coëxtensive with the state, under such restrictions and regulations as were prescribed by law. But judgments of justices of the peace, corporation, probate and county courts were reviewed by the circuit courts, on appeals, before they came before the supreme court for final review.

The following were the provisions of the constitution of 1868, bearing on the question before us.

" The supreme court shall have *general supervision and control* over all inferior courts of law and equity. * * Final judgments in the inferior courts may be brought by writ of error, or by appeal, into the supreme court in such manner as may be prescribed by law." Art. VII., sec. 4.

" The inferior courts of the state, as now constituted by law, except as hereinafter provided, shall remain with the same jurisdiction as they now possess: provided, that the general assembly may provide for the establishment of such inferior courts, changes of jurisdiction, or abolition of existing inferior courts, as may be deemed requisite." Id., sec. 5.

" All appeals from inferior courts shall be taken in such manner and to such courts as may be provided by law. Appeals may be taken from justices of the peace to such courts and in such manner as may be prescribed by law." Id., sec. 15.

All this is plain enough, and under these provisions of the constitution of 1868, no lawyer familiar with our system of courts would have thought of taking an appeal directly from the probate to the supreme court in the absence of legislation especially warranting it.

But after the adoption of the constitution of 1868, a code of pleading and practice was prepared by a commission of lawyers not very familiar with our judicial system, and adopted by a legislature less familiar with it. The code of Kentucky, with modifications intended to adapt it to our judicial system, was adopted. Under this code, as originally adopted, there was confusion and uncertainty as to the appellate jurisdiction of the circuit and supreme courts.

Section 15 of the civil code provides that: " The supreme court shall have appellate jurisdiction over the final orders. and judgments of all other courts of the state, subject to the exception in the next section."

This is section 15 of the Kentucky Code, with the substitution of the words " supreme court " for " court of appeals," and " state " for commonwealth.

The next section of our Code is as follows: " Sec. 16. Where the action or proceeding is for the recovery of money or personal property, and the matter in controversy does not exceed fifty dollars in value, or, in behalf of the defendant, where the judgment of the inferior court is against him for money or personal property, not exceeding in value fifty dollars, unless reduced below that amount by a setoff or counterclaim, or where the judgment grants a divorce, or where the judgment or order is by the county court, police court, or city, or mayor's court, or justice's court, and an appeal is given to the circuit court, the supreme court shall have no appellate jurisdiction."

This is section 16 of the Kentucky Code, with the substitution of " fifty dollars " for " one hundred dollars," in the two

lines where they occur, and the omission of quarterly courts.

The makers of our Code, in framing this section, seem to have understood that we had no quarterly courts, as Kentucky had, and hence omitted them, but they failed to bear in mind that the county courts of Kentucky had probate jurisdiction, and that we had separate probate courts.

Taking sections fifteen and sixteen of our Code, as above framed, together, and treating them as the only law on the subject, appeals would lie from all final orders and judgments of the probate court directly to the supreme court.

But section 19 of the Code is as follows: "Circuit courts shall have appellate jurisdiction of the judgments and final orders of probate and county courts on the probate of wills; the granting or revoking of letters testamentary and of administration; the appointment and removal of guardians; the settlement of accounts of fiduciaries; the division or partition of land; the allotment of dower, and the establishment, alteration or discontinuance of ferries, mills and dams, roads and pass ways, and of judgments of justices of the peace," etc.

This is the same as section 20 of the Kentucky Code, with the omission of so much as relates to quarterly courts, and the insertion of probate courts. And our Code makers, by inserting the words "probate and" before the words "county courts," have confused the jurisdictions of the probate courts and the county courts.

The county courts of Kentucky having probate jurisdiction, the words probate courts do not occur in section 16 or 20 of the Kentucky Code, and the sections are in harmony, but the omission of probate courts in section 16 of our Code, and their insertion in section 19 left the two sections in confusion and conflict.

But dissecting section 19, and separating the subjects of the jurisdiction of the probate courts from the subjects of the juris-

diction of the county courts, and the circuit courts had appellate jurisdiction of the judgments and final orders of the probate courts in the following matters :

1. The granting or revoking of letters testamentary and of administration.

2. The appointment and removal of guardians.

3. The settlement of accounts of fiduciaries.

4. The division or partition of lands.

5. The allotment of dower.

And the circuit courts had appellate jurisdiction of the judgments and final orders of county courts in the following matters :

The establishment, alteration or discontinuance of ferries, mills and dams, roads and pass ways.

Taking sections 15, 16 and 19 of the Code to be the only law in force regulating appeals from judgments and orders of the probate and county courts, the singular result would follow, that in the matters above specified, the appeals would have to be taken to the circuit courts, and in other matters, not specified, the appeals would have to be taken directly to the supreme court, producing a want of harmony in our judicial system, which it may be supposed the framers of the Code did not intend.

Section 19 gives the circuit courts no appellate jurisdiction over judgments and orders of the probate courts in the allowance or rejection of claims against estates of deceased persons; nor does it give the circuit courts appellate jurisdiction over judgments and orders of the county courts in the allowance or rejection of claims against counties, and in some other matters of which the county courts have jurisdiction.

After the adoption of the Code, Mrs. Tilghman obtained the allowance of a contested claim against the county of Chicot, in the county court of that county, and there was an appeal, on

behalf of the county, directly to this court.    This court decided that section 15 of chapter 49, Gould's Digest, allowing appeals from the county courts to the circuit courts, in such cases, was still in force, and struck the cause from the docket of this court for want of jurisdiction.    *Chicot County v. Tilghman's Executrix.*, 26 Ark., 461.

In the case now before us, there was a judgment of the probate court against the allowance of a claim against an estate, and the claimant appealed directly to this court.    This case is analogous, on principle, to the case above cited.    The Code did not provide for an appeal from the probate court to the circuit court in such cases, but the Code did not contain all the law in force on the subject of appeals at the time of its adoption.    The omissions of the Code were supplied by provisions of Gould's Digest, which we have above referred to.

The case must be dismissed for want of jurisdiction.